UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES CARTER, et al., | CASE NO. 2:25-cv-01540-LK |
| Plaintiffs, | ORDER GRANTING SECOND STIPULATED MOTION TO STAY |
| v. | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on the parties' Second Stipulated Motion to Stay. Dkt. No. 15. The Court previously granted the parties' first request to stay the litigation until February 17, 2026. Dkt. No. 14. The parties indicate that Allstate has made progress on adjusting the Carters' insurance claims, but that "two remaining issues remain outstanding," and an additional month is needed to resolve the issues. Dkt. No. 15 at 2. For the reasons explained below, the motion is granted.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

ORDER GRANTING SECOND STIPULATED MOTION TO STAY - 1

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

A stay is appropriate here because an additional one month stay in proceedings will not cause any damage, nor any hardship or inequity to any party, and will promote the orderly course of justice; indeed, if the parties are able to resolve this matter in the interim, it will result in significant savings of the parties' and the Court's resources. The Court thus GRANTS the parties' motion. Dkt. No. 15. All upcoming case deadlines in the Court's prior orders, Dkt. No. 7, are stayed until March 17, 2026. Should the case reach a settlement, the parties must notify the Court in accordance with the Court's Standing Order for All Civil Cases. *See* Dkt. No. 6-1 at 3. Otherwise, by March 18, 2026, the parties must file a joint status report and discovery plan and serve their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The parties have agreed to provide 15 days' written notice to the opposing party before filing any motion to terminate the stay. Dkt. No. 15 at 3.

Dated this 9th day of February, 2026.

Lauren King
United States District Judge

ORDER GRANTING SECOND STIPULATED MOTION TO STAY - 2